**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
**KACHELLE A. BAXTER**
Oregon State Bar ID Number 120659
kachelle@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Locke*

*Additional Counsel Identified on Signature Page

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ALISON LOCKE**, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**R1 RCM, INC.** and **QUORUM HEALTH CORPORATION**,<br><br>    Defendants. | Case No.   6:23-cv-01904<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Telephone Consumer Protection Act (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

1.      "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020).

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, generally prohibits making any non-emergency call to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice, without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).

3. Defendants R1 RCM, Inc. and Quorum Health Corporation repeatedly caused Plaintiff's cell phone number to be called for debt collection purposes using a prerecorded-voice message, even though the alleged debt was satisfied and Plaintiff asked that calling stop.

4. Given the automated nature of robocall violations, and the cost of litigation as compared with individual recoveries, a class action is the only practicable means of obtaining redress for Defendants' illegal, prerecorded-voice calls, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

5. Plaintiff Alison Locke, on behalf of herself and others similarly situated, thus brings this class action complaint against Defendants, to secure money damages and injunctive relief for violations of the TCPA.

## I. JURISDICTION

6. Federal question jurisdiction arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *Mims v. Arrow Fin. Svcs.*, 565 U.S. 368 (2012).

7. The Court has personal jurisdiction over R1 and Quorum because they made or caused the robocalling complained of herein to be made into and within Oregon, for the purpose of collecting alleged debts incurred in connection with Quorum's Oregon-based healthcare activities. Such activities were systematic, continuous, and deliberate efforts to exploit and reap profits from Oregon consumers. Indeed, in addition to the revenue Quorum obtains as a result of

its ongoing healthcare operations in Oregon, both R1 and Quorum have collected debts from, on information and belief, a thousand or more consumers in Oregon through similar robocalling at issue. R1 also affirmatively consented to jurisdiction in Oregon by registering to do business here.

8. Each Defendant purposefully availed itself of the privilege of doing business in Oregon, and purposefully directed its business activities into this state—and it is those contacts with this forum from which the claims of Plaintiff and the class in this matter arise out of or relate to. Plaintiff's and the class's injuries here directly relate to (and, indeed, arise out of) Defendants' affirmative efforts to serve and collect debts from Oregon consumers, and maintenance of this action in this District therefore does not offend traditional notions of fair play and substantial justice. The Court has personal jurisdiction over Defendants.

9. Venue is proper in this District because Plaintiff resides and incurred the statutory violations by Defendants at issue in Oregon, and because Defendants transact business in Oregon.

## II.  IDENTIFICATION OF THE PARTIES

10. Plaintiff Alison Locke is an individual who lives in Springfield, County of Lane, State of Oregon.

11. Defendant Quorum Health Corporation ("Quorum") is an operator of more than one dozen acute care hospitals across the country, including McKenzie-Willamette Medical Center in this District. Quorum is a Delaware corporation headquartered in the Nashville, Tennessee, area.

12. Defendant R1 RCM, Inc. ("R1") is a Delaware corporation with its headquarters in Utah and its base of operations in Chicago, Illinois. It is incorporated in Delaware. R1 maintains a registered agent in Oregon at 780 Commercial Street SE, Suite 100, Salem, OR 97301.

13. R1 regularly and systematically does the type of business in this District that gives rise to liability as alleged herein; for example, upon information and belief, R1 made the calls at

issue herein to Plaintiff and the class.

### III.  FACTUAL ALLEGATIONS

14. In around August 2018, Plaintiff visited McKenzie-Willamette Medical Center, one of Quorum's hospitals.

15. Plaintiff satisfied the bill from this visit in around 2020.

16. In fall 2022, Plaintiff visited the online portal for McKenzie-Willamette Medical Center to pay a different medical bill, and learned that Defendant falsely claimed that she still owed money from the 2018 debt.

17. Plaintiff immediately took steps to make sure her payment satisfying the 2018 debt was properly reflected in the hospital's records, and to prevent further collection efforts.

18. Plaintiff procured a debt satisfaction letter from the collection agency that had contacted her, and received verbal assurances from McKenzie-Willamette Medical Center that the 2018 debt had been paid in full.

19. Nevertheless, on or before December 8, 2022, Plaintiff began receiving prerecorded-voice message calls (i.e., "robocalls") on her cellular telephone from caller ID 844-913-0105.

20. Upon information and belief, based upon investigation of counsel, the robocalls to Plaintiff's and the class members' cell phone numbers were placed by Defendant R1.

21. Plaintiff answered some of the robocalls, and some went to voice mail. The calls all used the same voice with the exact same intonation, and said the same thing, including the double "hello" with a pause in-between:

> **Hello. [pause] Hello. This is a time-sensitive matter from McKenzie-Willamette Medical Center. To resolve this business matter please visit us on the Web at: https://Personapay.com/qmor/login or call us back at this number [844-913-0105] between the hours of 8:00 am to 5:00 pm pacific standard time.**

**Thank you.**

22. Although the script for these messages says the call is from McKenzie-Willamette Medical Center, the calls were truly made by R1, on behalf of its corporate parent Quorum. See https://www.r1rcm.com/news/quorum-health-corporation-selects-r1-rcm-for-end-to-end-revenue-cycle-management-across-26-hospitals-and-outpatient-centers-in-14-states.

23. Upon information and belief, by the time the robocalls began, Quorum had "written off" Plaintiff's alleged debt, and it had been transferred to a separate subsidiary of Quorum for collection efforts along with other debts from many of Quorum's hospitals.

24. Indeed, Quorum and R1 use integrated billing and collection systems and vendors, and use 844-913-0105 and similar numbers as the caller ID for its robocalls for its collection efforts across many – or all – of its hospitals.

25. Upon information and belief, R1 and Quorum both use Genesys' "IC Business Manager" software to assist with their collection efforts.

26. When Quorum – or R1 – receives an inbound call at 844-913-0105, the collection system, which is operated by R1, "guesses" as to which of its hospitals the call relates based upon the caller ID. The Quorum representative then uses this information to try to make it seem as though the call originated from the particular hospital where the alleged debt was incurred, even though the call is truly from a centralized system that makes calls for Quorum hospitals across-the-board.

27. Indeed, Quorum and R1 set their system up so that calling caller ID 844-913-0105 routes to a call center where the representatives who answer the phone are directed to say they are with whatever hospital Quorum's system suggests the call most likely pertains.

28. And Quorum directs R1 representatives answering inbound calls to 844-913-0105

to disclose that they are with Quorum Health if the system does not recognize the inbound caller ID as that of a particular patient.

29.     What is more, Plaintiff's contact at McKenzie-Willamette Medical Center left Plaintiff a voice mail that apologized that "they" – i.e., Quorum and R1 – kept calling Plaintiff.

30.     On about March 15, 2023, Plaintiff spoke with a representative and/or agent for Defendants, "Yoslim S," and demanded that the robocalls stop.

31.     Yoslim S. told Plaintiff that "there is no way to stop" the calls.

32.     Upon information and belief, Yoslim S.'s statement that there was no way to stop the calls was true, and was the result of Quorum and R1's policy, practice, procedure and general approach that favors corporate efficiency over consumer privacy.

33.     Pursuant to such approach, and consistent with Yoslim S.'s prediction, Plaintiff received at least ten prerecorded message "robocall" voice mails like the one transcribed above in 2023, most of which happened after Plaintiff asked that the calls please stop.

34.     The calls Plaintiff received were made by R1 on behalf of Quorum.

35.     Screenshots of some of Plaintiff's call logs from the time period follow, and show calls back and forth between Plaintiff and Defendant.






36. Each of the above "missed calls" and "rejected calls" went to Plaintiff's voice mail and played a prerecorded message on her voice mail. On each of the outgoing calls above, Plaintiff notified the recipient that the debt had been paid and/or that calls should stop.

37. Plaintiff did not consent to these calls. To the contrary: there was no valid reason for the calls, and Plaintiff specifically and repeatedly asked that they stop.

38. Plaintiff and the class were damaged by the calls that are the subject of this complaint. For example, their privacy was invaded, they lost time dealing with the improper calls, the calls were a nuisance and trespassed on Plaintiff and the class members' phones.

### IV. CLASS ALLEGATIONS

39. As authorized by Fed.R.Civ.P. 23(b)(3), Plaintiff brings this action on behalf of herself and a money damages class consisting of:

> **All persons whose cellular telephone number R1 called using a prerecorded voice, where (1) the debt that was the subject of the call had been satisfied, and/or (2) the recipient had previously asked that calls stop.**
>
> **Plaintiff alleges a subclass of consumers who received such calls on behalf of Quorum.**

40. The TCPA confers a private right of action for "both" money damages and injunctive relief. 47 U.S.C. § 227(b)(3). *Both* money damages and an injunction are appropriate in this instance because Defendants have demonstrated – and *admitted* – that repeated demands to cease collections on a satisfied debt are insufficient to wrench compliance. Thus, as authorized by Fed.R.Civ.P. 23(b)(2), Plaintiff brings this action on behalf of herself and the above class for injunctive relief, too.

41. Plaintiff also alleges the injunctive class as an alternative to the money damages class.

42. Upon information and belief, R1 called more than 1,000 cellular telephone numbers on behalf of Quorum in 2023 using the same type of robocall messages system as was used in the calls to Plaintiff, where the debt R1 was trying to collect had been satisfied, or the consumer had asked that calls stop.

43. Quorum and R1 keep track of collection efforts both internally and externally, and membership in the above class and subclass will be readily available through review of Quorum's and its vendors' data. See https://app.vendorproof.com/clients/quorum ("VendorProof is a secure web-based vendor portal that helps Quorum Health ensure vendor compliance with current federal and state regulations and streamline vendor data collection.") (last visited November 9, 2023).

44. Common questions of law or fact exist as to all members of the Class and Subclass. And because the common issues are the liability-creating ones, they predominate over questions solely affecting any individual member. Such common questions include:

   a. Whether Defendants' calls were made using an "artificial or prerecorded voice" under the TCPA;

   b. Whether Defendants were privileged to robocall cell phone numbers concerning debts that had been satisfied;

   c. Whether Defendants were permitted to robocall cell phone numbers that it had been requested not to call;

   d. Damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the other members of the Class and Subclass are entitled to treble damages under 47 U.S.C. § 227(b)(3).

45. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass. The factual and legal bases of liability as to Plaintiff and the other Class and Subclass

members are the same: Defendants violated the TCPA by placing or causing to be placed prerecorded robocalls to the cellular telephone numbers of each member of the Class, including Plaintiff, without the requisite permission.

46. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has no interests that might conflict with the interests of the Class and Subclass, is interested in pursuing these claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regard to the claims alleged herein.

47. Class action treatment is superior to all other alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.

48. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

49. Quorum and R1 have acted, and failed to act, on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, thereby making relief appropriate with respect to the Class and Subclass as a whole. Prosecution of separate actions by individual Class and Subclass members, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual Class and Subclass members that would establish incompatible standards of conduct.

50. Quorum and R1 knew about the TCPA, and knew that some of their prerecorded calls were being place to cellular telephones without the requisite consent - including the

prerecorded calls received by Plaintiff - but made a conscious decision to continue placing prerecorded message calls in spite of this, for business efficiency and pecuniary reasons. Money damages are therefore insufficient to wrench compliance, and prospective relief is necessary to ensure compliance.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (Prerecorded Voice Call Violations)

51. Plaintiff re-alleges and incorporates all prior allegations.

52. It is a violation of the TCPA to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

53. R1 initiated, or caused to be initiated, prerecorded robocalls to the cellular telephone numbers of Plaintiff and the members of the Class and Subclass, even though they did not have proper consent for the calls.

54. Quorum engaged R1 to make these prerecorded calls with full knowledge that some such calls were made without consent.

55. As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class and Subclass were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the Class and Subclass are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

56. Defendants knew about the TCPA's restrictions. They elected to make or cause the calls complained of herein in spite of this knowledge.

57. Because Defendants knew that they did not have prior express consent to robocall the cell phone numbers of persons who did not owe the debts being collected, and knew that they did not have consent to robocall cell phone numbers that consumers had demanded calls stop, any violations alleged herein were willful or knowing, and the Court should treble the amount of damages, pursuant to 47 U.S.C. § 227(b)(3).

58. WHEREFORE, Plaintiff, individually and on behalf of the Class and Subclass, requests that the Court appoint Plaintiff as class representative, appoint her counsel as class counsel, and enter judgment against Defendants for:

   a. A declaration that Defendants violated the TCPA as to Plaintiff and the Class and Subclass;

   b. An injunction prohibiting further prerecorded voice collection calls to persons who do not owe the debts being collected;

   c. An injunction prohibiting further prerecorded voice collection calls to persons who had previously requested that calls cease;

   d. Damages pursuant to 47 U.S.C. § 227(b)(3);

   e. Costs, expenses, and attorneys' fees, to the extent permitted by law; and

   f. Such other or further relief as the Court deems just and proper.

DATED this 18th day of December, 2023.

          Respectfully submitted,

          *s/ Justin M. Baxter*
          JUSTIN M. BAXTER
          Oregon State Bar ID Number 992178
          justin@baxterlaw.com
          KACHELLE A. BAXTER
          Oregon State Bar ID Number 120659
          kachelle@baxterlaw.com
          Baxter & Baxter LLP
          8835 S.W. Canyon Lane, Suite 130
          Portland, Oregon 97225
          Telephone (503) 297-9031
          Facsimile (503) 291-9172

          Alexander H. Burke
          *subject to admission pro hac vice*
          ABurke@BurkeLawLLC.com
          Daniel J. Marovitch
          *subject to admission pro hac vice*
          dmarovitch@burkelawllc.com
          BURKE LAW OFFICES, LLC
          909 Davis Street, Suite 500
          Evanston, IL 60201
          (312) 729-5288
          (312) 729-5289 (fax)

          Attorneys for Plaintiff Locke